UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| AUSTIN FREDERICK BUSHA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:11-CR-129-TAV-CCS-3 |
| | ) | 3:16-CV-352-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 375, 377].[1] He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. Included in the petition is a request that this Court stay resolution of the underlying challenge pending the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) [Doc. 377 p. 24]. The United States responded in opposition on August 29, 2016 [Doc. 385]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons that follow, Petitioner's request for a stay will be **DENIED as moot** and § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE.**

---

[1] On February 11, 2016, Federal Defender Services of Eastern Tennessee ("FDSET") was appointed for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on the *Johnson* decision. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). On June 20, 2016, Petitioner filed a pro se petition that did not comply with the Rules Governing 2255 Procedures [Doc. 375 (omitting signature)]. Two days later, FDSET supplemented that filing with a fully-compliant motion [Doc. 377]. Because the documents share a single challenge, this Court will treat both filings as a single petition [Docs. 375, 377].

## I. BACKGROUND

Petitioner pled guilty to conspiring to distribute oxycodone, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C) [Doc. 154]. Based on prior Tennessee convictions for attempted sale of oxycodone and aggravated burglary [Presentence Investigation Report ¶¶ 36, 37], the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines [*Id.* ¶ 24]. However, because the drug quantity to which he stipulated in the plea agreement yielded a higher offense level, Petitioner's designation as a career offender did not impact the calculation of his Guidelines range [*Id.* ¶¶ 18, 21, 25–27, 47, 68]. Petitioner was sentenced to 188 months' incarceration [Doc. 220] and did not appeal.

The Supreme Court released the *Johnson* decision on June 26, 2015. Less than one year later, Petitioner submitted the instant motion based on that decision [Docs. 375, 377].

## II. TIMELINESS OF PETITIONER'S MOTION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265

(U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). It is yet to be seen whether the same is true of the "new rule" that results from application of *Johnson*'s reasoning in the Guideline context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court finds that it need not resolve the issue here, however, because the *Johnson* decision has no impact on Petitioner's case.

**III. STANDARD OF REVIEW**

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

3

## IV. ANALYSIS

Petitioner's pro se argument that he no longer possesses predicate offenses sufficient for categorization as an armed career criminal under § 924(e) or application of an enhanced base offense level under Section 2K2.1 of the United States Sentencing Guidelines fails because the record conclusively demonstrates that he was never subjected to either provision [PSR ¶¶ 18, 21, 25–27, 47, 68].[2] To the extent that Petitioner contests the validity of his career offender designation [Doc. 377 (suggesting Petitioner's prior Tennessee aggravated burglary conviction no longer qualifies as a crime of violence and seeking "to preserve [Petitioner's ability to seek a lesser sentence] in case his drug Guideline is impacted by a retroactive Guideline amendment")], this Court finds that it need not resolve the issue because even if the *Johnson* decision precluded such designation, the same had no impact on Petitioner's ultimate term of incarceration.

---

[2] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

## V. REQUEST FOR STAY

Also before the Court is FDSET's request that this Court stay resolution of the underlying challenge pending a decision in the *Mathis* case [Doc. 377 p. 24]. On June 23, 2016—the day after FDSET filed their request—the Supreme Court released the *Mathis* decision. Accordingly, the request for issuance of a stay pending release of the same will be **DENIED as moot**.

## VI. CONCLUSION

For the reasons discussed, Petitioner's request for a stay [Doc. 377 p. 24] will be **DENIED as moot** and § 2255 motion [Docs. 375, 377] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE